## Commonwealth v. Meadowcrest Estates, Inc. (No. 2)

*Gary Dobias,* of *Nanovic & McKinley,* for appellant.

*John G. Cipko* and *Daniel F. Ziegler,* contra.

HEIMBACH, *P. J.,* September 22, 1975—Defendant, Anthony H. Sander, President of Meadowcrest Estates, Inc., was found guilty of violating section 6.203 of Kidder Township Ordinance No. 20 and fined $100 and costs. His appeal is now before us for disposition. The complaint brought by Harry S. Webster, Jr., Zoning Officer of Kidder Township, charges:

"That defendant did complete construction of a dwelling on lot numbered 17 of a subdivision owned by the defendant and commonly called Lake Harmony Gardens, after written notice by the Zoning Officer of Kidder Township directing said defendant not to proceed with any construction. Said action being a violation of Section 6.203 of the Kidder Township Zoning Ordinance."

At the hearing, the Commonwealth produced the written notice referred to, directing defendant not to proceed with any construction. It follows:

"KIDDER TOWNSHIP
ZONING ADMINISTRATOR
Box 332, Lake Harmony, Pa. 18624
(717) 722-0272

July 24, 1974

CERTIFIED MAIL
#745680

"Mr. Anthony H. Sander,
A. A. Sander & Sons, Inc.,

Re:  Lake Harmony Gardens

R.D. 1,
Palmerton, Pa. 18071

"Dear Sir:

"You are hereby notified that Subdivision and Land Development Ordinance #10 has not been complied with because the guarantees of improvements and maintenance listed in Sections 3.401 and 3.402 have not been satisfied.

"Under the Regulations you may not proceed with construction until there is compliance which corrects the above.

"Thus, you are instructed that Building Permit #701 cannot now be executed until the pre-requisit

upon which it was issued; compliance with the Building Regulations is made and the defects above indicated are remedied.

"Yours truly,
/s/ H.S. WEBSTER, JR.
H.S. Webster, Jr.,
Zoning Administrator

"CC—Township Solicitor
Board of Supervisors
Planning Commission
Zoning Hearing Board
file"

The permit referred to for the construction of the building was issued on April 5, 1973, under the provisions of ordinance no. 10 and prior to the adoption of the amending ordinance October 25, 1973.

Section 3.401 and section 3.402 of ordinance no. 10 provides for the delivery of certain guarantee of improvement documents, and because defendant failed to produce such documents he was ordered to refrain from proceeding with the construction under the permit previously issued until compliance with such provision was had. Section 3.800 of ordinance no. 10, inter alia, provides for a fine not exceeding $100 for a violation of its provisions.

Zoning ordinance no. 20, adopted October 25, 1973, by its terms completely amends ordinance no. 10. The provisions of section 3.401 and section 3.402 have been eliminated. Section 6.203 (the section defendant is charged with having violated) prohibits any construction until a permit has been obtained, and provides that a permit shall expire one year from the date of issue unless there has been substantial progress in the work for which a zoning permit was issued.

In the testimony presented to us at a hearing de novo, the prosecutor testified that defendant commenced construction of the dwelling in April or May of 1975, or two years after the issuance of the permit in April 1973. Defendant testified that construction was commenced in August 1974 and completed February 21, 1975. In either event, there was not substantial progress in the work within one year after the issuance of a zoning permit.

Notwithstanding defendant's failure to proceed with construction under the permit for more than a year after issuance, he must be found not guilty in this proceeding.

Pa.R.Crim.P. 132(6-b) provides that in a summary case the complaint shall contain "a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged."

The Commonwealth has proven that defendant, in violation of an order to cease construction until he furnished the necessary guarantee and improvement documents, proceeded with such construction. This is in violation of sections 3.401 and 3.402 of ordinance no. 10, punishable by a fine not exceeding $100. Since he has not been charged with violating sections 3.401 and 3.402, Pa.R.Crim.P. 132(6-b), supra, he could not be found guilty of such offense.

Proof is lacking that the provisions of section 6.203 have been violated. The notice on which the Commonwealth relies, to prove a violation of section 6.203, proves no such violation, but confines itself to showing that the use of the permit was prohibited until defendant complied with the im-

provement guarantee provision of sections 3.401 and 3.402. Had the zoning officer chose to invoke the provisions of section 6.203, then operative, he would have advised defendant that his permit had expired for failure of substantial progress. We hold the expiration provision of section 6.203 is not self-executing and defendant's permit, since he received no notice that it expired, continued to be valid.

There being a failure to prove defendant received notice that his permit had expired, a prerequisite to invoking the expiration provision of section 6.203, we enter the following

### ORDER

Now, September 22, 1975, defendant is found not guilty of violating section 6.203 of the Kidder Township Zoning Ordinance.

Costs on Kidder Township.

All sums deposited by defendant are directed to be remitted to defendant without deduction.